IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

In Re:                                                                    OPINION AND ORDER

RONALD M. ZUBKE, Plaintiff.                                               13-cv-884-wmc

.

---

Plaintiff Ronald M. Zubke has filed a proposed civil action using a standard complaint form that is authorized for use by *pro se* litigants in this district.  Because plaintiff seeks leave to proceed without prepayment of fees and costs, the court must screen the proposed complaint and dismiss any portion that is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks money damages from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2).  In addressing any *pro se* litigant's complaint, the court must read the allegations generously, reviewing them under "less stringent standards than formal pleadings drafted by lawyers."  *Haines v. Kerner*, 404 U.S. 519, 521 (1972).  Even under this lenient standard, plaintiff's request for leave to proceed must be denied because he does not provide sufficient facts in support of a recognizable claim.

OPINION

A complaint may be dismissed for failure to state a claim where the plaintiff alleges too little, failing to meet the minimal federal pleading requirements found in Fed. R. Civ. P. 8.  In particular, Rule 8(a) requires a "'short and plain statement of the claim' sufficient to notify the defendants of the allegations against them and enable them to file an answer." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006).  It is not necessary for a plaintiff to plead specific facts. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint is

plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  By contrast, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to establish a plausible claim.  *Id.* (citing *Twombly*, 550 U.S. at 555) (observing that courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

  Here, plaintiff indicates that he is a resident of Watertown, Wisconsin.  Liberally construed, the complaint appears to allege malpractice by an attorney and a physician in connection with an injury that he sustained at his local workplace.  In that respect, he has attached several medical records reflecting treatment for an inguinal hernia in 2009 and early 2010.  Plaintiff also appears to dispute the amount of social security disability benefits and workers compensation that he has received.  Plaintiff does not identify any particular defendant and the complaint does not suggest an obvious candidate.  Thus, it is unclear which legal theory plaintiff intends to press, what relief he seeks or to what extent this court has jurisdiction to consider his claims.  *See* 28 U.S.C. §§ 1331, 1332.  Because plaintiff does not allege sufficient facts in support of his proposed claims, his complaint must be dismissed without prejudice.

  Plaintiff may file an amended complaint in this case to cure the deficiencies outlined above.  To proceed, plaintiff must file an amended complaint within thirty days of the date of this order.  That proposed amended complaint must identify defendant(s) by name and set forth a "short and plain statement" of the basis for his claims against each named defendant.  *See* Fed. R. Civ. P. 8(a).  If plaintiff submits an amended complaint in compliance with this order, the court will take that complaint under consideration for screening pursuant to 28

U.S.C. § 1915(e)(2)(b).  If plaintiff fails to submit an amended complaint as directed, then this case will be closed without further notice pursuant to Fed. R. Civ. P. 41(b).

ORDER

IT IS ORDERED that:

(1) Plaintiff Ronald M. Zubke's request for leave to proceed is DENIED and his complaint is DISMISSED for failure to state a claim under Fed. R. Civ. P. 8(a).

(2) To proceed, plaintiff must file an amended complaint **within thirty days** of the date of this order.  That proposed amended complaint must identify defendant(s) by name and set forth a "short and plain statement" of the facts in support of his claims, *see* Fed. R. Civ. P. 8(a).  To assist plaintiff, the clerk's office will provide along with this order another standard complaint form for use by non-prisoner *pro se* litigants in this district.

(3) If plaintiff submits an amended complaint in compliance with this order, the court will take that complaint under consideration for screening pursuant to 28 U.S.C. § 1915(e)(2)(b).  **If plaintiff fails to submit an amended complaint as directed, then this case will be closed without further notice pursuant to Fed. R. Civ. P. 41(b).**

Entered this 28th day of February, 2014.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge