IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RONALD M. ZUBKE,

                Plaintiff,                OPINION AND ORDER

v.

                                                13-cv-884-wmc

MICHAEL T. FITZPATRICK,

                Defendant.

---

Plaintiff Ronald M. Zubke has filed a proposed civil action using a standard complaint form that is authorized for use by *pro se* litigants in this district. Plaintiff's original complaint was dismissed without prejudice because he failed to allege sufficient facts in support of his proposed claim. Plaintiff was granted leave to file an amended complaint identifying a defendant by name and setting forth the basis for his claim. Plaintiff has filed an amended complaint as directed, and the court now takes it under consideration for screening pursuant to 28 U.S.C. § 1915(e)(2)(b).

Because plaintiff seeks leave to proceed without prepayment of fees and costs, the court must screen the proposed complaint and dismiss any portion that is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks money damages from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). For purposes of screening, the court must read the allegations in any *pro se* litigant's complaint generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). For the reasons explained below, this court lacks jurisdiction over plaintiff's claims. Accordingly, the court will deny plaintiff leave to proceed and dismiss his complaint without prejudice.

OPINION

Unlike state courts, which have subject matter jurisdiction over a broad assortment of causes and claims, the jurisdiction of federal courts is limited only to "cases or controversies" that are "authorized by Article III of the [United States] Constitution and the statutes enacted by Congress pursuant thereto." *Buchel-Ruegsegger v. Buchel*, 576 F.3d 451, 453 (7th Cir. 2009) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)). In other words, "[a] federal court is the wrong forum when there is no case or controversy, or when Congress has not authorized it to resolve a particular kind of dispute." *Morrison v. YTB Intern., Inc.*, 649 F.3d 533, 536 (7th Cir. 2011) (explaining that "subject-matter jurisdiction is a synonym for adjudicatory competence").

Generally, a federal court such as this one has the authority to hear two types of cases: (1) cases in which a plaintiff alleges a cognizable violation of his rights under the Constitution or federal law, *see* 28 U.S.C. § 1331; and (2) cases in which a citizen of one state alleges a violation of his or her rights established under state law by a citizen of one state alleges a violation of his or her rights established under state law by a citizen of another state where the amount in controversy exceeds $75,000, *see* 28 U.S.C. § 1332. Plaintiff's proposed complaint fits within neither category.

Liberally construed, the proposed complaint alleges legal malpractice by defendant, attorney Michael T. Fitzpatrick, who represented plaintiff in a Social Security disability matter. Legal malpractice is a cause of action that arises under state law. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Thus, plaintiff's malpractice claim does not present a federal question for purposes of 28 U.S.C. § 1331.

Plaintiff also does not satisfy the criteria for diversity jurisdiction pursuant to 28

U.S.C. § 1332. Plaintiff indicates that he is a resident of Watertown, Wisconsin, and that defendant currently resides in Las Vegas, Nevada. From this, the court could infer that there is complete diversity of the parties. For the court to exercise its diversity jurisdiction, however, there is still the matter of the amount in controversy exceeding $75,000. Plaintiff alleges that, since 2010, he has received roughly $500 less a month in Social Security Disability benefits than he was entitled to due to Fitzpatrick's legal malpractice. This alleged loss does not come close to exceeding the $75,000 threshold, which means the court cannot exercise diversity jurisdiction in this case.

Of course, this does not render Zubke without a cause of action in *state* court. Because Zubke's complaint fails to state a federal question and because the amount in controversy does not exceed $75,000, however, this court lacks subject matter jurisdiction over this action. Under these circumstances, the court will deny plaintiff leave to proceed on these claims and will dismiss this complaint without prejudice to plaintiff filing a complaint in state court.

ORDER

IT IS ORDERED that the proposed amended complaint filed by plaintiff Ronald M. Zubke is dismissed without prejudice for lack of subject matter jurisdiction. The clerk of court is directed to close the case.

Entered this 4th day of April, 2014.

BY THE COURT:

WILLIAM M. CONLEY
District Judge

3